LOTTINGER, Judge.
In March of 1960 the law firm of Palmer and Palmer instituted suit in behalf of one *708 Joseph A. Ory naming as defendant Theodore Griffin. In the suit Palmer and Palmer prayed for a money judgment against Theodore Griffin and for legal interest from date of judicial demand. After a trial on the merits the Trial Court entered judgment dismissing Mr. Ory’s suit. The matter was appealed to this Court, and we reversed the judgment of the District Court and rendered judgment in favor of Mr. Ory and against Mr. Griffin in the amount of $7,499.80 together with interest thereon at the rate of five (S%) per cent from date of judicial demand, plus all costs of the proceedings. Thereafter, Mr. Griffin applied for writs to the Supreme Court, which application was denied. Thereafter, the judgment of this Court, which had been recorded in MOB 176, folio 691 of the records of Tangipahoa Parish, Louisiana, became a final judgment.
In 1965, Mr. Griffin applied to the Farmer’s Home Administration, a division of the United States Department of Agriculture, for a loan in order that he might refinance several outstanding obligations, among which was the judgment in favor of Mr. Ory. This agency of the Federal Government after apparently analyzing Mr. Griffin’s financial situation, determined that it would be impossible for them to loan him enough money to pay off all of his creditors to the full extent of the indebtedness. In February of 1965, Mr. Griffin’s creditors, including Mr. Ory, signed agreements setting forth specific sums which they would accept in full settlement of their respective claims. At this time Mr. Ory signed a statement stating that he would accept the sum of $4,000.00 in cash in full settlement of his judgment. Apparently after the various creditors executed the settlement agreement, the loan application was completed, and, in due course, Mr. Ory received a check signed by Mr. Griffin and counter-signed by the Farmer’s Plome Administration in the amount of $4,000.00. At this time Mr. Ory signed a letter addressed to the Tangipahoa Parish Clerk of Court wherein he requested and authorized the Clerk to erase and cancel from his records the judgment previously recorded in his favor and against Mr. Griffin. The Clerk, on the basis of the authority contained in the letter, did in fact erase and cancel the judgment from the records of Tangipahoa Parish. Subsequent to the cancellation of the judgment, the Fanner’s Home Administration recorded a mortgage in their favor executed by Mr. Griffin on his property, and Liberty Finance Discount Company, Inc., placed of record an additional mortgage.
After the judgment was cancelled, plaintiffs instituted this suit wherein they recited the facts set forth above and the fact that the compromise of the judgment was effected without their knowledge or consent, and they had been paid no attorney fees whatsoever by Mr. Ory. In their petition, in which they named as defendants the Clerk of Court, the Director of the United States Department of Agriculture, Farmer’s Home Administration, and Liberty Finance Discount, Inc., the plaintiffs prayed that there be judgment ordering the reinscription of the judgment in favor of Mr. Ory and against Mr. Griffin as a first mortgage against the property of Theodore Griffin.
The United States Attorney for the Eastern District of Louisiana filed a petition for removal from State Court in this proceeding, and the matter was removed to the United States District Court for the Eastern District of Louisiana. On October 13, 1965, by agreement of counsel, the defendant, L. Cullen Shows, the Director of the Farmer’s Home Administration and the United States of America were dismissed from the action, and the matter was remanded to the Twenty-First Judicial District Court for further proceedings.
After the matter was remanded to the State Court, the plaintiffs joined Mr. Ory as a co-plaintiff and at the same time joined Mr. Griffin as a party defendant.
On November 2, 1965, Theodore Griffin filed a Motion for Summary Judgment *709 wherein he alleged that he was entitled to a summary judgment on the grounds that the pleadings, depositions, and admissions showed that there was no genuine issue as to material fact, and that he was entitled to a judgment as a matter of law, dismissing the plaintiffs’ demand at their costs. After a trial of the motion, the District Judge rendered judgment granting the Summary Judgment dismissing the plaintiffs’ suit at their costs. It is from this judgment that appellants have perfected this appeal.
In his Reasons for Judgment, the Trial Judge concisely stated the basis upon which appellants based their suit, and we quote from those Reasons for Judgment as follows :
“The original plaintiff, Palmer and Palmer, a legal partnership, based this suit upon the proposition that the compromise settlement in the sum of $4,000.00 entered into between Joseph A. Ory and Theodore Griffin in satisfaction of the judgment recorded in March of 1960 in MOB 176, page 691, was done without their participation and acquiescence; that they had an oral contract whereby Ory agreed to pay his attorneys one-third of such recovery as would be realized on the judgment, and under the terms of LSA-R.S. 9:5001 the legal partnership had a special privilege or lien that could not be eliminated or adversely affected by a settlement in which the attorneys did not join. Palmer and Palmer seek the rein-scription of the entire judgment or, in the alternative, that the judgment be re-inscribed for their vested one-third interest. * * *
The facts for the most part are undisputed. The law firm of Palmer and Palmer did obtain the judgment for Ory in the first suit, Docket No. 22876. The agreement with respect to the fee between his lawyers and Ory was oral and not written. Ory, a business man of no small acumen, was at (sic) himself, and fully aware of the affect and import of his accepting the settlement of $4,000.00 and his signing of the letter authorizing the Clerk of Court to cancel and erase the inscription of the judicial mortgage; Mr. Ory understands, according to the affidavits annexed that he is indebted to Palmer and Palmer for attorney fees, but in substance hoped that his attorneys will accept their proportionate part of the actual settlement as a fee rather than in-sistance that the fee be based on the entire principal and interest which had accrued to date of settlement; it also seems manifest that plaintiffs were apprised and had knowledge of the fact that negotiations to obtain a loan from the Farmer’s Home Administration had been instituted by Theodore Griffin so that he might liquidate the subject judgment, among other claims and debts for which he was obligated. The documentary evidence attached to the petition does not remotely indicate any fraud, collusion, or misrepresentation to have been practiced to the detriment of the attorneys, nor is there any suggestion Mr. Ory was laboring under any mistake of fact when he accepted the sum of $4,-000.00 in settlement and signed the letter authorizing cancellation of the judgment. * * * ”
In giving his reasons for granting the summary judgment in favor of the defendants, the Trial Judge observed the following:
“It is conceded that the contention of plaintiff is novel in its prespective. The rights of third parties have intervened, and in the event the relief sought by plaintiffs was permitted, a most cumbersome and difficult situation would arise. Reliance upon the public records and the law of registry would be greatly hobbled.
The judgment in the first suit has been paid and satisfied. It’s erasure and cancellation was proper. Such dispute as may exist with respect to the attorney fee due pertains solely to the plaintiffs, Palmer and Palmer, and their client, Joseph A. Ory * *
*710 Appellants’ argument is based upon first the provision contained in LSA-R.S. 9:5001, which provides as follows:
“A special privilege is hereby granted to attorneys at law for the amount of their professional fees on all judgments obtained by them, and on property recovered thereby, either as plaintiff or defendant, to take rank as a first privilege thereon.”
Appellants argue that the provisions of this statute provide them with a first privilege on the judgment to the extent of their professional fees. LSA-C.C. Article 3186 provides:
“Privileges or right, which the nature of a debt gives to a creditor and which entitles him to be preferred before other creditors, even those who have mortgages.”
Appellants argue that the judicial mortgage which was cancelled was cancelled improperly because of LSA-C.C. Article 3371, which provides as follows:
“Inscriptions of mortgages and privileges are erased by the consent of the parties interested and having capacity for that purpose; this consent to be evidenced by a release, or by a receipt given on the records of the Court rendering the judgment on which the mortgage is grounded.”
Appellants argue that there can be no dispute that their law firm falls within the category of “parties interested”. They argue additionally that the record clearly reflects that no consent was obtained from them before the ex parte Ory cancellation was effected, and they argue that reading this statute in conjunction with LSA-R.S. 9:5001 makes it clear that the basic intent of this statute was to protect attorneys and to secure them in the payment of their fee.
LSA-R.S. 9:5001 was enacted by the Legislature as Part 1 of Act 124 of 1906. Part 2 of that act is to be found at LSA-R.S. 37:218 and provides as follows:
“By written contract signed by the client, attorneys at law may acquire as their fee an interest in the subject matter of the suit, proposed suit, or claim, in the prosecution or defense of which they are employed, whether the suit or claim be for money or property. In such a contract of employment, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue or otherwise dispose of the suit or claim. Either party of the contract may, at any time, file it with the clerk of the district court in which the suit is pending or is to be brought and have a copy made and served on the opposing party and due return made as in case of petitions in ordinary suits. After such service, any settlement, compromise or discontinuance, or other disposition made of the suit or claim by either the attorney or the client without the written consent of the other is null and void and the suit or claim shall be proceeded with as if no such settlement or discontinuance had been made.”
Dealing first with LSA-C.C. Article 3371, if we interpret this article as urged by appellants, then we would necessarily be holding that in order to effect a cancellation of a judgment it would be necessary to have the signature of both the attorney for the judgment creditor and the judgment creditor himself. We believe that it is clear that Mr. Ory in this instance was “an interested party”. Being an interested party he was possessed with the capability of consenting to the erasure of the inscription of the judicial mortgage. The quoted article does not provide that this erasure may be accomplished by the consent of all interested parties, but simply provides for consent of the “parties interested”. We do not believe that the signature of both the attorney for a judgment creditor and the judgment creditor himself is necessary on *711 an authorization to cancel a judicial mortgage, but believe that this right to obtain cancellation is co-extensive in both the judgment creditor and his attorney.
LSA-R.S. 9:5001 was originally embodied in R.S.1870, § 2897. The Legislature, by Act No. 124 of 1906, amended R.S.1870 § 2897 by adding thereto a new section, which is incorporated into the revised statutes as LSA-R.S. 37:218, previously quoted. Considering the Legislative history of these two portions of the Revised Statutes, it is apparent that these statutes are in pari materia, and we must read them as such. If the Legislature had intended that the privilege granted attorneys by LSA-R.S. 9:5001 be operative as against all persons without the necessity of the attorney doing anything other than performing his professional services, then there would have been no necessity for the enactment of the second section of Act 124 of 1906, embodied in LSA-R.S. 37:218, which provides a method whereby an attorney may fully and completely protect his fee. All that is necessary is the execution of a written contract of employment wherein the fee is stipulated, and wherein it is stipulated that neither the attorney or the client may, without the written consent of the other, settle, Compromise, or in any manner dispose of the suit or claim. Filing of this contract with the Clerk of the District Court in which the suit is pending or is to be brought and service on the opposing party preclude absolutely any settlement, compromise or other disposition of the suit by the client without the written consent of the attorney. This procedure was available to the appellants in this instance, but they chose not to employ it. After having failed to utilize this device which would have absolutely protected the privilege granted them for their fees in another section of the Revised Statutes, their client proceeded to compromise the judgment which they had obtained for him. Subsequent to the execution of this compromise and erasure of the judicial mortgage from the records, two other mortgages were recorded, one in favor of the Farmer’s Home Administration and the other in favor of Liberty Finance Discount Company, Inc. This suit seeks to reinscribe the judicial mortgage previously erased, as a first mortgage, which would take precedence over the two mortgages executed subject to the erasure of the judicial mortgage, and inscribed at a time when the judicial mortgage had already been erased from the public records. To permit appellants to accomplish this would in fact seriously impair the law of Registry which prevails in this state. We reiterate that the Legislative intent in connection with an attorney’s privilege for his fee is manifest in this instance in that if the privilege had been intended to'be operative as against all persons without the necessity of any rec-ordation, then there would have been no necessity for the enactment of the second section of Act 124 of 1906, as embodied in LSA-R.S. 37:218. It was obviously the intent of the Legislature to provide attorneys with a means of registry and implementation of the privilege for their fee which had previously been granted them in R.S. 1870 § 2897.
The judgment of the Trial Court in no manner affects the right of Palmer and Palmer to proceed against their client, Mr. Ory, for whatever fee might be due them for the services rendered by them in obtaining the judgment.
Accordingly, we find no merit in appellant’s appeal, and the judgment of the Lower Court is therefore affirmed at appellant’s costs.
Judgment affirmed.