197 So.2d 899

**Louis J. HAUTH, individually and as administrator of the estate of the minor, Joseph Hauth,**

v.

**Emile IACOPONELLI, Netherlands Insurance Company, Schwegmann Bros. Giant Supermarket, Highway Insurance Company, James Terrerson.**

No. 48659.

May 4, 1967.

In re: Emile Iacoponelli and Netherlands Insurance Company applying for certiorari, or writ of review, to the Court of Appeal, Fourth Circuit, Parish of Jefferson. 195 So.2d 425.

It is ordered that the writ of review issue; that the Court of Appeal send up the record in duplicate of the case; and that counsel for plaintiff and defendant be notified.

■

197 So.2d 899

**PALMER & PALMER et al.**

v.

**James A. STIRE et al.**

No. 48675.

May 5, 1967.

In re: Robert E. Palmer and Charles B. W. Palmer d/b/a Palmer & Palmer and Joseph A. Ory applying for certiorari, or writ of review, to the Court of Appeal, First Circuit, Parish of Tangipahoa. 195 So.2d 706.

Writ refused. The result is correct.

SANDERS, Justice.

I am of the opinion that a writ should be granted.

LSA–R.S. 9:5001 grants an attorney who obtains a judgment in favor of his client a *special* privilege for the amount of his fee on the *judgment* and the property recovered thereby.

The holding of the present case permits the client to destroy the privilege at will by "compromising" and cancelling the judgment without the attorney's consent.

The following questions should be resolved:

(1) What is the nature and extent of the attorney's special privilege on a judgment and recovery under LSA–R.S. 9:5001? See, e. g., Patorno v. Villio, 9 Orleans App. 104; Davis Finance & Securities Co. v. O'Neal, La.App., 160 So. 463; Daggett on Louisiana Privileges and Chattel Mortgage pp. 776–780; and 7 Am.Jur.2d, Attorneys at Law, § 306, p. 217.

(2) Does his special privilege on the judgment make the attorney of record one of the "parties interested" under Civil Code Article 3371, so as to require the attorney's consent for the cancellation of the judgment? See, e. g., Restatement of Agency 2d, Section 464(3) and 7 Am.Jur.2d, Attorneys at Law, § 306, p. 217.