SARTAIN, Judge.
In the case now before us Walton J. Barnes, relator, attorney of record for Bert Selly, seeks by summary process to obtain a money judgment from George J. Nunn and John James Audubon Foundation (Foundation), respondents. Mr. Barnes asserts that as attorney for Selly he has a lien and privilege on the judgment he obtained for Selly which judgment was seized by Nunn and assigned to Foundation.
This matter was previously before us in Nunn v. Selly, La.App., 182 So.2d 568. For convenience we recite the facts and chronology of events therein stated which lead up to the present controversy, to-wit:
“The facts presented are not substantially in dispute. On March 11, 1963, George J. Nunn obtained a judgment in East Baton Rouge Parish against Bert Selly in the principal amount of One Thousand One Hundred Twenty-seven and ' 09/100 ($1127.09) Dollars, with eight (8%) per cent interest thereon from December 10, 1960 until paid and ten (10%) per cent on both principal and interest as attorney’s fees. This suit, which was numbered 82,895 on the docket of the 19th Judicial District Court, will be referred to in this opinion as the ‘Nunn case’ for the sake of brevity. In execution of this judgment George J. Nunn seized all of the rights, title and interest which Bert Selly had in another suit entitled Bert Selly v. Robert G. “Jerry” Watson, numbered 101,236 on the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana. This case will similarly be referred to in this opinion as the ‘Selly case’. Notice of this seizure in the Nunn case was made upon both parties to the Selly case, Selly and Watson.
Prior to this, on September 29, 1964, a writ of fieri facias had been issued in the Selly case. After a contest over the validity of the judgment a sale was ordered in the Selly case. The date of this sale was set for August 11, 1965.
On July 30, 1965, George J. Nunn sold to John James Audubon Foundation, by notarial act of assignment, the final judgment in the Nunn case, and the seizure which he had obtained in that suit of the *115 rights of Bert Selly in the Selly case. The act of assignment was recorded in the mortgage records of East Baton Rouge Parish on August 11, 1965. The property was purchased for a bid of Four Hundred Forty and No/100 ($440.00) Dollars. This bid was made by Bert Selly-
A mandamus proceeding was filed against Sheriff Bryan Clemmons, who refused to deliver to John James Audubon Foundation both the property and the proceeds of sale which had been adjudicated in the Selly case. The Sheriff filed an answer to this proceeding and a rule was heard thereon on August 16, 1965. Judgment was rendered against the Sheriff that day and signed the following day.
On August 16, 1965, the Sheriff issued a notice to Robert G. “Jerry” Watson, who had been appointed keeper of the chattels which had been sold at the Sheriff’s sale. This notice ordered Watson to release these chattels to John James Audubon Foundation. The Sheriff also made a Sheriff’s return dated November 8, 1965, in connection with the writ of fieri fa-cias issued in the Selly case, showing that the funds received from the Sheriff’s sale had been applied to costs and the surplus of Two Hundred Eighty-four and 23/100 ($284.23) Dollars was paid to the attorney for John James Audubon Foundation in compliance with the seizure obtained through judgment in the Nunn case. Payment was actually made on August 16, 1965.
A motion for suspensive appeal was filed by the Sheriff on August 31, 1965 from the judgment on the rule for mandamus and the required bond was posted by him on September 1, 1965.
A motion to dismiss the Sheriff’s suspen-sive appeal has been filed by the attorney for the plaintiff in the mandamus rule and is now before this court. There is really no question that Sheriff Bryan Clemmons issued his check for Two Hun-
dred Eighty-four and 23/100 ($284.23) Dollars to John James Audubon Foundation on August 16, 1965. The notice to release was also executed by the Sheriff and directed to Robert G. “Jerry” Watson and the release was effected on August 16, 1965.
Under this set of facts, there has been a voluntary and unconditional acquiescence in the judgment appealed from which was obtained in the mandamus proceedings as contemplated by Article 2085 of the C.C. P. Accordingly, the suspensive appeal taken herein should be dismissed. * * ”
Following the dismissal of the Sheriff’s suspensive appeal on January 24, 1966, Mr. Barnes filed this present rule on June 21, 1966 against Nunn and the Foundation which directed and ordered the latter to show cause why the attorney’s fees allegedly due and owed relator, as a lien and privilege resulting from Selly’s judgment against Watson and through which certain sums were recovered by the Sheriff’s sale of August 11, 1965, should not be fixed and awarded to relator together with all costs of court advanced by relator. This rule was heard on August 8 and 10, 1966. The trial judge rendered judgment making the rule absolute and recognized relator’s lien and privilege on the funds transferred by the Sheriff to respondents and granted judgment in favor of Mr. Barnes and against Nunn and the Foundation in the amount of $292.63, from which judgments respondents have appealed.
The judge a quo determined that LSA-C. C. Arts. 2592, 3191(2) and LSA-R.S. 9:5001 authorized not only the procedure utilized but authority for the judgment rendered herein. Thus the issue presented for resolution is whether or not an attorney at law may proceed against a third party, judgment-creditor for attorney’s fees allegedly owed said attorney by this judgment-debtor client after there has been disbursement of the funds and release of the items seized by the Sheriff for said third party judgment-creditor.
*116 For reasons hereinafter stated and according to the particular facts of this case, we are of the opinion that the trial judge erred in granting judgment in favor of Mr. Barnes against Nunn and the Foundation who are in fact judgment creditors and against whom proper notices were not given. We are of the opinion that Mr. Barnes did in fact have a lien and privilege against Selly for legal services rendered the former but that this lien and privilege had to be urged during the course of litigation between Selly and Watson and/or Selly and George J. Nunn and before the distribution of the funds and disposition of the chatteled items to third parties. LSA-C.C.P. Art. 1092.
The crucial dates upon which this case turns are February 10, 1965, the date Nunn seized Selly’s interest and August 16, 1965, the date the Sheriff issued his check to the Foundation and directed Watson to release the seized property to the Foundation. Between these intervening dates it was necessary that relator file in the record in this proceeding or with the Clerk of Court some evidence or notice of claim for attorney’s fees. This relator failed to do and thereby permitted the judgment he had obtained for his client to fall into the hands of and be transferred to a third party.
We particularly note that relator acted as attorney of record for the Sheriff in the suit for mandamus and his claim for attorney’s fees was not presented at that time. Had relator’s claim for attorney’s fees been filed at any time prior to disbursements of the proceeds by the Sheriff said claim would have taken its regular and lawful place as first privilege. However, at this stage we are not talking about a question of rank or privilege. We are talking about whether or not an attorney may, as in this case some ten months later (June 21, 1966), proceed against a third party seizing creditor and assert a lien and privilege for services rendered another.
It is probably unfortunate that our Codes do not provide for a time limit in which attorneys may assert the lien and privilege accorded them by either C.C. Art. 3191(2) or R.S.,9:5001. A time limit is set for most other liens and privileges authorized by our Codes'. However, be that as it may when, as in the case here, we are dealing with an oral contract for legal services or where no affidavit has been filed either in the record or with the Clerk of Court, the lien and privilege cannot be asserted against either a third party purchaser or seizing judgment creditor after disbursement of proceeds by the Sheriff.
In Palmer & Palmer v. Stire, La.App., 195 So.2d 706, we discussed at length LSA-R.S. 9:5001 and R.S. 37:218 and stated that for an attorney’s lien and privilege to be effective against third parties the same must be recorded with the Clerk of the District Court either in the mortgage records or in the pending suit.
Relator’s proper procedure in this matter was to have filed an affidavit asserting a lien and privilege at any time prior to the disbursement of the funds by the Sheriff. He could also have intervened in the suit for mandamus and urged his lien at that time.
It was not until this present rule was filed that anyone other than Mr. Barnes and his client knew that he had undertaken the original litigation on a contingency fee basis or that he was owed anything by his client, Selly. Having waited until this late date he must now look to his client for his fee or any funds advanced by him on behalf of his client.
For the above and foregoing reasons the judgment of the district court is reversed and set aside and judgment is rendered herein in favor of respondents, withdrawing and vacating the rule previously issued, all at relator’s costs.
Reversed and rendered.