KNOLL, Judge,
dissenting.
LSA-R.S. 9:5001 grants attorneys a privilege of first rank for their fees on judgments obtained by them and on the proper *666 ty recovered as the result of their employment. For this privilege to come into existence and become effective against other creditors of the client, all that is required is that the attorney assert his claim prior to disbursement of the proceeds. Roberts v. Hanover Ins. Co., 338 So.2d 158 (La.App. 2nd Cir.1976). The record is clear that Moody’s attorney asserted his claim in the trial court when the trial judge was asked to determine whether Commercial Union should be paid in preference. The special privilege recognized in R.S. 9:5001 extends to “all judgments obtained by them, and on the property recovered thereby.”
The issue presented is how to allocate money recovered from a negligent third party tortfeasor, among the injured employee, his attorney, and the employer’s insurance carrier when the employee’s recovery is insufficient to cover the employee’s attorney fee, the costs of litigation and the compensation carrier’s right to reimbursement.
LSA-R.S. 23:1101-1103 (1976) authorize an injured worker to bring suit against a third party tortfeasor. Likewise an employer may intervene as a party plaintiff in a suit brought by the employee against the third party tortfeasor. LSA-R.S. 23:1102(A).
In particular R.S. 23:1103 provides:
“In the event that the employer or the employee or his dependent becomes party plaintiff in a suit against a third person, as provided in R.S. 23:1102, and damages are recovered, such damages shall be so apportioned in the judgment that the claim of the employer for the compensation actually paid shall take precedence over that of the injured employee or his dependent; and if the damages are not sufficient or are sufficient only to reimburse the employer for the compensation which he has actually paid, such damages shall be assessed solely in his favor; but if the damages are more than sufficient to so reimburse the employer, the excess shall be assessed in favor of the injured employee or his dependent, and upon payment thereof to the employee or his dependent, the liability of the employer for compensation shall cease for such part of the compensation due, computed at six per cent per annum, and shall be satisfied by such payment. No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him. ” (Emphasis added.)
Pursuant to R.S. 23:1103 the judgment in the trial court on Moody’s original tort claim against Arabie specifically provides that Commercial Union shall “be reimbursed, by preference and priority, out of the Judgment_” Accordingly, Commercial Union bases its claim for reimbursement with preference as provided in the judgment.
In opposition to this Moody’s attorney, Curtis, contends that notwithstanding R.S. 23:1103 and the wording of the judgment, R.S. 9:5001 entitles him to a privilege of first rank for his attorney fee. This statute contains no requirement that there be a written contract nor that any written contract or other written evidence be filed or recorded in order for the privilege to come into existence and become effective against other creditors of the client. Roberts, supra. Furthermore, this privilege extends not only to the attorney's fee but also includes the attorney’s reasonable expenses incurred in the prosecution of the litigation. Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979).
The underlying policy of apportionment in R.S. 23:1103 providing that the compensation carrier’s claim for reimbursement of compensation actually paid shall take precedence is merely that the employee should not be compensated doubly for the same element of damages. Fontenot v. Hanover Ins. Co., 385 So.2d 238 (La.1980). I do not see how the payment of the attorney’s privilege with priority contravenes the policy considerations of R.S. 23:1103.
For the foregoing reasons, I respectfully dissent.