I, SULLIVAN, Judge.
Judith Gardner appeals the trial court’s dismissal of her intervention for attorney fees. For the following reasons, we reverse.
Facts
On February 25, 1999, Darlene Turner contracted with attorney Judith Gardner of the Glenn Armentor Law Corporation to represent her in a medical malpractice action. Thereafter, due to illegal actions on her part, Ms. Gardner was disbarred and could no longer represent Ms. Turner. Ms. Turner then contracted with another attorney, Sera Russell, to handle her claim. Mr. Russell prosecuted Ms. Turner’s claim to settlement and she dismissed her suit. On September 25, 1998, Harry Rein, M.D./J.D. filed an intervention in the matter, seeking attorney fees and expenses. Dr. Rein did not have a contract with Ms. Turner; he was associated by Ms. Gardner to help her with the claim. A hearing was held on his intervention on April 16, 1999. Ms. Gardner filed an intervention on August 16, 1999, also seeking a portion of the attorney fees collected by Mr. Russell.
Mr. Russell filed declinatory and peremptory exceptions to Ms. Gardner’s intervention. He argued that Ms. Gardner’s petition for intervention was filed too late. Mr. Russell knew Ms. Gardner had a claim for attorney fees. At the hearing on the exceptions, he testified that he knew of Ms. Gardner’s former representation of Ms. Turner and that he had been instructed by the trial judge who had sentenced her on criminal charges stemming from her illegal actions to notify the court of funds that were paid to her by him in connection with this case. He also testified that he had “virtually begged [Ms. Gardner] to file an intervention” in this matter.
After a hearing on the exceptions, the trial court agreed with Mr. Russell’s position, reasoning that Ms. Gardner’s intervention was too late because the attorney 12fees collected by him had been disbursed from his trust account to himself and Dr. Rein. Ms. Gardner’s petition for intervention was dismissed.
Discussion
The basis of Mr. Russell’s arguments is the principle established in the cases of Selly v. Watson, 210 So.2d 113 (La.App. 1 Cir.1968) and Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979). In both cases, the courts’ determinations were based on the fact that the claim for attorney fees came after disbursement of the settlement or judgment proceeds to third parties. In Selly, 210 So.2d 113, Nunn obtained a judgment against Selly, then seized Selly’s interest in his lawsuit against Watson. Nunn sold his judgment against Selly and his seized interest in Selly’s suit against Watson to the James Audubon Foundation. In his suit against Watson, Selly had seized mov *624 able property which was sold at sheriff sale. The sheriff paid the proceeds of the sale to the Foundation. Ten months later, Selly’s attorney, Barnes, filed a rule to assert a lien and privilege for attorney fees for his representation of Selly in his case against Watson. The fact that Barnes’s contract for legal services with Selly was not in writing was determined not to be an impediment to his claim. However, the court held that Barnes filed his rule too late because “the lien and privilege cannot be asserted against either a third party purchaser or seizing judgment creditor after disbursement of proceeds by the Sheriff.” Id. at 116 (emphasis added).
In Calk, 376 So.2d 495, a judgment creditor seized the plaintiffs interest in a lawsuit. After settlement of the claim, the funds were deposited into the registry of the court for determination of the respective rights of the plaintiff, his attorney, and the seizing creditor. The supreme court reversed the court of appeal, holding that an ^attorney’s fee contract does not have to be recorded to be effective against third parties when the attorney settles his client’s claim. In doing so, the court noted that “for the attorney to succeed he must assert his claim by intervention or other legal proceedings prior to disbursement of the proceeds to a third party.” Id. at 499, citing Selly, 210 So.2d 113 (emphasis added).
Ms. Gardner asserts that Selly and Calk do not apply to the facts of this case because they pertain to situations where an attorney seeks to enforce his lien and privilege on funds that have been distributed to third parties and Mr. Russell is not a third party as to her. We agree.
In Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979), the supreme court determined that when a client is represented by more than one attorney during the litigation of a claim and has signed contingency fee contracts with more than one attorney, the client is only obligated to pay one contingency fee, which is:
to be determined according to the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Further, that fee should in turn be allocated between or among the various attorneys involved in handling the claim in question, such fee apportionment to be on the basis of factors which are set forth in the Code of Professional Responsibility.
Id. at 118.
Ms. Turner signed two contingency fee contracts. Her contract with Ms. Gardner/the Glenn Armentor Law Corporation provided for a contingency fee of one-third, while the contract with Mr. Russell provided for a forty percent contingency fee. Upon settlement of Ms. Turner’s claims, Mr. Russell deposited the settlement funds into his trust account. It appears from the record that he disbursed Ms. Turner’s share of the settlement proceeds and left the amount representing his ^contingency fee in his trust account. After the judgment on Dr. Rein’s intervention, he disbursed $10,000.00 to Dr. Rein in accordance with the judgment on the intervention and the remainder of the fee to himself.
Ms. Turner paid the maximum attorney fee that she is legally obligated to pay in this matter to Mr. Russell. Thus, any claim for attorney fees must be made against him and he is not a third party with regard to other attorneys who may be entitled to a portion of the fee he was paid in this matter.
This conclusion is in accord with our decision in Phipps v. Chesson, 96-26 (La.App. 3 Cir. 11/6/96); 682 So.2d 935, where *625 another panel of this court determined that the plaintiffs’ attorney was a proper party in a judgment debtor’s suit for the return of funds after the judgment which was the basis for payment was reversed. The judgment debtor alleged that the plaintiffs’ attorney had an interest in the lawsuit pursuant to his contract with his clients, while the attorney contended there was no cause of action against him because he was not a plaintiff in the litigation and his clients had not assigned an interest in the lawsuit to him.
Our determination in Phipps was premised in large part on the decision in New Orleans Public Service, Inc. v. Vanzant, 580 So.2d 533 (La.App. 4 Cir.), writ denied, 584 So.2d 1168 (La.1991), where the court determined that a judgment debtor who overpaid a judgment had a cause of action for the return of the overpaid funds against the attorneys for the judgment creditor, as well as the judgment creditor. The judgment creditor’s attorneys argued that they were third parties not responsible for the return of the money allegedly owed. The court rejected the argument, concluding:
[Wjhen a check or draft names attorneys as co-payees, the attorneys at the very least must endorse and deposit the check or draft in a trust account, from which they are free to withdraw their fee when due. This |sis sufficient to show that the attorneys, and especially those who have been assigned an interest in the lawsuit, are recipients of the payment of a thing not due; the attorney is not merely a third party, and a cause of action lies for restitution either under C.C. Art. 2302 or for unjust enrichment. Moreover, if there was an attorney client contract whereby the attorneys acquired an interest in the suit, La.R.S. 37:218 applies and not only has NOPSI stated a cause of action against these defendants, they may even be necessary parties to the lawsuit. La.C.C.P. Art. 642.
Id. at 536.
Decree
Mr. Russell is not a third party with relation to Ms. Gardner and her claim for attorney fees. The trial court erred in dismissing her petition for intervention. The judgment of the trial court is reversed. All costs of this appeal are assessed to Sera Russell.
REVERSED AND REMANDED TO THE TRIAL COURT FOR TRIAL ON THE MERITS.