418 So.2d 1357 (1982)
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, Plaintiff-Appellee,
v.
Ira B. COLE, et al., Defendants-Appellants.
No. 14785.
Court of Appeal of Louisiana, Second Circuit.
March 2, 1982.
On Rehearing August 17, 1982.
*1358 Sanders & Castete, Ltd. by Herman A. Castete, Winnfield, for defendants-appellants.
Emmons & Stokes by Douglas L. Stokes, Jr., Jonesboro, for plaintiff-appellee.
Before PRICE, MARVIN and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff, Louisiana Health Service and Indemnity Company (Blue Cross), brought these cumulated actions seeking annulment of a default judgment and for a monetary award to recover the amount paid under protest in satisfaction of the contested judgment. The trial court annulled the default judgment but rejected plaintiff's demand for a monetary award. Defendant, Ira B. Cole, appeals the nullity judgment, and by answer to the appeal, plaintiff requests reversal of the rejection of its demand for return of the sum paid in satisfaction of the judgment.
On October 20, 1977, Cole filed suit for benefits under a hospital, surgical, and medical insurance policy issued by Blue Cross. On March 21, 1978, a preliminary default was taken. On April 5,1978, Cole's attorney confirmed the default and judgment was rendered in the amount of $7,368.80, plus a statutory penalty of $7,368.80, together with attorney fees of $5,500 and legal interest from date of judicial demand.
On May 18,1978, Cole's attorney demanded payment on the default judgment. Under threat of execution, Blue Cross paid $21,063.95 in satisfaction of the judgment while reserving all legal rights.
On January 22,1979, Blue Cross filed this suit against Cole and his attorney, contending the default judgment complained of was obtained by fraud or ill practices under La. C.C.P. Art. 2004.[1] Blue Cross alleged that when they received the citation in Cole's original suit in October 1977, they immediately called the law firm in Jonesboro who usually represented the company in that area. They further alleged that their attorney obtained an agreement with Cole's attorney in Winnfield for additional time to prepare and file responsive pleadings, and that the subsequent default judgment was taken by Cole's attorney without any notice to the attorney for Blue Cross.
In written reasons for judgment, the trial court found Blue Cross's counsel had received an indefinite extension of time in which to file pleadings and that Cole's attorney took the default judgment without giving prior notice. For those reasons, the trial court ordered the annulment of the *1359 April 5, 1978 default judgment which was rendered against Blue Cross. However, the trial court rejected Blue Cross's demand for recovery of the amount previously paid under the judgment to Cole and his attorney. The trial court reasoned it would be inequitable to force Cole to return any money he received while his claim for benefits under the policy issued by Blue Cross remained untried. The court noted that Blue Cross could reassert this demand in the trial of the original suit on the insurance policy.
On appeal Cole contends the trial court erred in annulling and setting aside the default judgment because there is no evidence of any fraud or ill practice on the part of his attorney. Cole denies an extension of time to file pleadings was granted to Blue Cross. Therefore, since Blue Cross was not mislead, the default judgment was not the result of fraud or ill practices sufficient to annul a judgment under La. C.C.P. Art. 2004.
The jurisprudence is clear that an action brought under La. C.C.P. Art. 2004 is not limited to cases of actual fraud or wrongdoing. The article is sufficiently broad to encompass any situation wherein a judgment is rendered through some improper practice or procedure which operates, even innocently, to deprive the party cast in judgment of some legal right. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La. 1980); Ellerd v. Williams, 364 So.2d 648 (La. App. 2d Cir. 1978); Collins v. Collins, 325 So.2d 773 (La. App. 2d Cir. 1976). Furthermore, a trial court is given great discretion in determining whether a judgment should be annulled because of fraud or ill practice. In Re Koonce, 380 So.2d 140 (La. App. 1st Cir. 1979), writ denied 383 So.2d 23; Succession of Davis, 347 So.2d 906 (La. App. 3d Cir. 1977).
In the instant case, there was conflicting testimony about whether Cole's attorney did in fact grant Blue Cross an extension of time to file pleadings. The trial court resolved this conflict by finding that an extension was granted. Where conflicts in testimony exist, a trial court's evaluations of credibility and inferences of fact will not be disturbed upon appellate review unless manifestly erroneous. Pierre v. Landry, 341 So.2d 891 (La.1977); Canter v. Koehring Co., 283 So.2d 716 (La. 1973).
In this instance the trial court's acceptance of the testimony of the attorney representing Blue Cross is supported by the evidence. The attorney testified to having made three unsuccessful telephone calls before reaching Cole's attorney on October 28, 1977. His testimony is positive that they had an oral agreement for an indefinite extension of time. This testimony is corroborated by the telephone bill of his law firm showing calls were placed to the office of Cole's attorney on the dates claimed. On the other hand, Cole's attorney denied having even talked to the attorney for Blue Cross at this point in time. There is additional testimony from a disinterested Winnfield attorney that such agreements are common practice in that area without the necessity of confirming the agreements by letter. In the final analysis, we cannot say the trial court abused its discretion in finding Cole's attorney engaged in conduct sufficient to require annulment of the default judgment under La. C.C.P. Art. 2004.
Blue Cross contends the trial court erred in not rendering a money judgment in its favor for the amount paid on the now nullified default judgment. Evidence introduced at trial shows Blue Cross paid this judgment under threat of execution when demanded by Cole's attorney. Since Blue Cross has proven payment of a thing not due, the trial court erred in not granting judgment in its favor. La. C.C. Art. 2301, et seq. See also Great American Indemnity Co. v. Dauzat, 157 So.2d 308 (La. App. 3d Cir. 1963); Planiol, Traite Elementaire De Droit Civil, Vol. 2, No. 835 et seq. (11th Ed. La. State Law Institute Trans. 1939); 5 Am.Jur.2d, Appeal and Error, § 997, et seq.
We note Blue Cross instituted this suit against Cole, his attorney, and the attorney's law firm. While it is highly probable that some funds received from payment of the default judgment were disbursed to Cole's attorney, we find that it would not *1360 be proper to cast the attorney or law firm in judgment for restitution since they were not parties of record to the now nullified default judgment. Ira B. Cole was the sole plaintiff in that action and judgment was granted in his name.
In Great American Indemnity Co. v. Dauzat, supra, plaintiff, Earline Dauzat, recovered judgment against defendant insurer and then devolutively appealed said judgment. During the pendency of the appeal, plaintiff's attorney demanded payment of the judgment. The insurer complied with plaintiff's demand while reserving all rights on appeal.
When the appellate court reduced the amount of plaintiff's award, the insurer instituted a separate action for restitution against Earline Dauzat, her husband, and her attorney alleging that each received a portion of the excess amount paid on the now reduced judgment. Mrs. Dauzat did not respond to the suit and a valid default judgment was rendered against her. The other defendants filed exceptions of no cause of action which were sustained by the trial court. On appeal the judgment was affirmed on the theory that the right of restitution is limited to recovery from only those parties of record on the judgment under which an overpayment was made. The court of appeal concluded that "in cases such as the one here appealed, in which the party receiving the money payment has disposed of it, in good faith at the time of disposal, the payor may not follow it into the hands of third parties."
As pointed out by the court in Dauzat, most common law jurisdictions restrict liability for restitution to the parties of record. See 5 Am.Jur.2d, Appeal and Error, § 997. We find that limiting liability for restitution to the party of record on the nullified default judgment is correct, especially in the instant case, where this court could only speculate as to how the funds paid in satisfaction of the judgment were disbursed.
For the above and foregoing reasons, the judgment of the district court annulling and setting aside the judgment rendered on April 5, 1978, in the matter styled Ira B. Cole v. La. Hospital Service, Inc., Number 21,025 on the docket of the Eighth Judicial District Court, is hereby affirmed. The judgment denying plaintiff's demand for a money award is reversed and set aside, and judgment in the amount of $21,063.95, together with legal interest from date of judicial demand, is hereby rendered in favor of Louisiana Health Service and Indemnity Company against Ira B. Cole. Costs of this appeal are assessed to Ira B. Cole.
Before PRICE, MARVIN, JASPER E. JONES, FRED W. JONES and NORRIS, JJ.

ON REHEARING
FRED W. JONES, Judge.
Our original opinion in this matter rendered on March 2, 1982, granted the relief requested by the appellee, Louisiana Health Service and Indemnity Company, in its answer to the appeal. Thereafter, the appellee applied for a rehearing, informing us that Ira B. Cole, the party against whom we rendered judgment, died on October 1, 1981, and no legal representative had been appointed for him.[*] Supporting documents filed in connection with the rehearing application verified these allegations.
A judgment rendered against a deceased person is an absolute nullity. Smith v. Burden Construction Co., 379 So.2d 1133 (La. App. 2d Cir. 1979). Consequently, we were legally mandated to grant a rehearing. Thereafter, pursuant to the rules of this court and La. C.C.P. Article 821, Maudie Catherine Hutson Cole, administratrix of the Succession of Ira B. Cole, was substituted as party defendant in place of her deceased husband.
We have again reviewed the record in this matter and considered issues raised by defendant-appellant, both on the original appeal and in the rehearing application. *1361 We conclude that these issues were correctly disposed of in our original opinion. Therefore, we adopt that opinion in full as our opinion on rehearing.
For the reasons set forth therein, judgment of the district court annulling and setting aside the judgment rendered on April 5, 1978, in the matter styled Ira B. Cole v. La. Hospital Service, Inc., Number 21,025 on the docket of the Eighth Judicial District Court, is hereby affirmed. The judgment denying plaintiff's demand for a money award is reversed and set aside, and judgment in the amount of $21,063.95 is hereby rendered in favor of Louisiana Health Service and Indemnity Company against the Succession of Ira B. Cole. Costs of this appeal are assessed to the Succession of Ira B. Cole.
NOTES
[1] La.C.C.P. Art. 2004. Annulment for vices of substance; peremption of action

A final judgment obtained by fraud or ill practices may be annulled.
An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
[*] Judgment in the trial court was rendered on June 25, 1981 and an order of appeal was signed on July 10, 1981. Therefore, Cole died while this appeal was pending.