626 So.2d 575 (1993)
Thomas LAW, Plaintiff-Appellant,
v.
The CITY OF EUNICE and Kent Moody, Defendants-Appellees.
No. 93-229.
Court of Appeal of Louisiana, Third Circuit.
November 3, 1993.
*576 Thomas Law, Jr., pro se.
John Fayne Wilkes III, Lafayette, for City of Eunice, et al.
Before DOMENGEAUX, C.J., and LABORDE and COOKS, JJ.
DOMENGEAUX, Chief Judge.
Plaintiff, Thomas Law, appeals the dismissal of his civil suit on an exception of no cause of action.
Thomas Law filed this suit, styled "Damages in Breach of Contract," against Kent Moody, a police officer, and Moody's employer, the City of Eunice. The pertinent allegations of Law's original and supplemental petitions are reproduced below:
(3)
On or about March of 1989 the chief of detectives of the Eunice police department contacted the defendant [Law] who had previously been charged with a burglary and released on bond. The detective Kent Moody acting under the color of the city of Eunice and in his official capacity as a police officer offered the plaintiff a contract, to-wit;
(4)
The plaintiff was to pay the sum of (4,000.00) four thousand dollars for restitution to the victim of a crime. And to assist the police in an undercover drug bust. In return the pending charges against the plaintiff would be dropped.
(5)
The plaintiff obtained a loan from the Home town loan co. in Eunice, La. in the amount of (4,000.00) four thousand dollars. Plaintiff met the chief of detectives at the Eunice police department and paid the (4,000.00) four thousand dollars and was provided a receipt of payment, which will hereby introduced at the trial of this matter. At that time the plaintiff in fulfilling the second part of the contract informed the chief of detectives of the whereabouts of a drug dealer.
(6)
The plaintiff was provided with marked money and made a buy of drugs which resulted in the confiscation of over (20,000.00) twenty thousand dollars in cash, (50) fifty pounds of marijuana, (4) four oz of cocaine and (3) three automobiles, and furthermore a chain reaction of arrest's and untimely conviction of a drug dealer that the prosecutor labeled a international drug lord.
(7)
The plaintiff endangered his life and the safety of his family in fulfilling the terms of the contract. However, the chief of detectives breached the contract whereas the defendant [Law] was not only brought to trial for the crime that the detective had agreed to drop as part of the contract, but also turned over the receipt of payment of restitution to the prosecutor to be used as evidence against the plaintiff in his trial. The plaintiff was convicted and sentenced to the maximum prison term of (12) twelve years at hard labor and a 1,000.00 dollar fine. Plaintiff was further imprisoned with the very same drug dealer that he assisted the chief of detectives in busting.
(8)
The defendant [Moody] has admitted to the terms of the contract and the plaintiff can prove that there was indeed such a contract and that the defendant breached said contract. Furthermore, the defendant has acted in bad faith and in reckless *577 regard for the plaintiff's safety and caused the plaintiff to suffer damages.
(9)
Plaintiff contends that the defendant under the color of the city of Eunice acted in bad faith and failed to fulfill the express or implied terms of the contract and is therefore liable and indebted to the plaintiff. Furthermore the city of Eunice, through their insurer is liable for the bad faith actions of the chief of detectives and therefore the city of Eunice through their insurer is liable.
(10)
Plaintiff seeks to recover from the defendant, Kent Moody the amount of the restitution paid together with the interest of the loan, in the amount of 7,500.00 seven thousand five hundred dollars.
From the city of Eunice through their insurer punitive damages in the amount of 500,000.00, five hundred thousand dollars.
The defendants, Kent Moody and the City of Eunice, filed an exception of no cause of action, relying upon Lewis v. State through DPS, 602 So.2d 68 (La.App. 1st Cir.1992), writ denied, 604 So.2d 1312 (La.1992), which held that a criminal plea bargain does not create a conventional obligation.
The trial court likened the allegations in the plaintiff's petition to a transaction and compromise, a contract with the formal requirement of a writing. Noting that the petition did not allege that the agreement was reduced to writing and further noting that the petition improperly included a demand for punitive damages, the trial court gave the plaintiff a period of time to cure these defects. The plaintiff did amend his petition, but he only deleted the demand for punitive damages. The trial court then dismissed the suit, finding the petition failed to state a cause of action because it did not contain an allegation that the agreement was reduced to writing.
In Lewis, the First Circuit held that a plea bargain in a criminal case does not create a conventional obligation. One rationale for this holding is that the substantive criminal law provides remedies for the breach of a plea bargain: either (1) specific performance of the agreement, or (2) withdrawal of the plea.
In Lewis, the court turned for guidance to Black's Law Dictionary, where plea bargaining was defined as "the process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case with court approval." 602 So.2d at 74. In the instant case, the petition does not allege that any negotiations were made with the attorney prosecuting the burglary case. In the absence of an agreement with the prosecutor, it would seem that the substantive criminal remedies available to the plaintiff in Lewis are not available to this plaintiff. For these reasons, we cannot agree with the defendants' contention that the instant case involved the breach of a plea bargain.
Although the plaintiff labels his suit as a "Breach of Contract," we find the allegations are more akin to a claim of detrimental reliance. To recover under the theory of detrimental reliance, the plaintiff must prove that: (1) a representation was made; (2) there was justifiable reliance on that representation; and (3) a change in position to one's detriment because of that reliance. La.C.C. art. 1967; South Central Bell Telephone v. Rouse Company of Louisiana, 590 So.2d 801 (La. App. 4th Cir.1991).
Because this case arises on an exception of no cause of action, our review is somewhat limited. In considering an exception of no cause of action, the court must confine itself to the four corners of the petition and documents attached thereto and made part thereof. Cahill v. Schultz, 521 So.2d 442 (La.App. 4th Cir.1988). The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged. Meche v. Arceneaux, 460 So.2d 89 (La.App. 3d Cir.1984.)
The plaintiff's petition alleges a change in position to the plaintiff's detriment, namely that he paid money, assisted the police in the apprehension of a drug dealer, and turned over incriminating evidence that was *578 later used against him at trial. The plaintiff alleges that he took these actions in reliance upon the police officer's representation that pending criminal charges would be dropped. Although we question whether the plaintiff could justifiably believe that a police officer had the authority to order that criminal charges be dropped, we consider this to be a factual question that is more appropriately determined after a trial on the merits. Also at issue will be whether the parties were in good faith when they confected the alleged "agreement." See Moore v. Smith, 521 So.2d 742 (La.App. 2d Cir.1988).
For the above reasons, the judgment of the trial court is reversed and the case is remanded for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.