653 So.2d 149 (1995)
Thomas LAW, Jr., Plaintiff-Appellant,
v.
The CITY OF EUNICE, et al., Defendants-Appellees.
No. 94-1312.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*150 Thomas Law, Jr., pro se.
John Fayne Wilkes, III, Lafayette, for City of Eunice, et al.
Before DOUCET, C.J., and LABORDE and KNOLL, JJ.
LABORDE, Judge.
The plaintiff appeals a trial court judgment denying his petition for damages against the City of Eunice, Louisiana. Plaintiff alleged, based on a theory of detrimental reliance, that he relied on a police officer's statements that he would not be prosecuted for burglary if he made restitution for his crime. We affirm.

FACTS
The plaintiff, Thomas Law, Jr., and Lonnie Lanclos were charged with the commission of an aggravated burglary. Subsequently, they contacted Officer Kent Moody of the Eunice City Police to inquire whether Donald Joubert, the victim, would be willing to have the charges dropped if they made restitution. Joubert accepted $4,000.00 from Law and Lanclos and, by affidavit dated March 17, 1989, stated that he no longer wished to prosecute the matter. Law and Lanclos also helped the Eunice City Police with an undercover drug buy. Despite the restitution, Joubert's affidavit and the assistance with the undercover drug buy, the District Attorney's Office chose to prosecute Law. Lanclos testified against him at trial. Law was subsequently convicted.
Law originally filed suit against the City of Eunice and Officer Moody based on the theory of breach of contract, alleging that he was promised he would not be prosecuted if restitution was made. The trial court dismissed Law's suit for failure to state a cause of action. This court reversed, finding Law's allegations set out a claim for detrimental reliance and, thus, stated a cause of action. The case was remanded for a trial on the merits of the matter. Law v. City of Eunice, 626 So.2d 575 (La.App. 3d Cir.1993).
Law represented himself at trial. Law had requested damages of $7,500, which he claimed represented the amount of principal plus interest on the loan he took out to pay restitution. The trial court subsequently found that Law failed to prove that he had detrimentally relied on the representations of Officer Moody and, therefore, was not entitled to damages.
Law appeals, alleging the following assignment of errors:
1) Failure of trial court to grant a continuance.
2) Trial court abused its discretion by departing from the orders of the Third Circuit Court on remand.
3) Trial Court was clearly wrong in its factual finding that the defendant could not bind the district attorney.
4) The trial judge was manifestly erroneous in the factual finding that Lanclos' stipulated testimony did not corroborate that of the plaintiff.
5) The trial court abused its discretion in allowing and disallowing evidence over objections.
6) The trial judge was clearly wrong in this factual and legal findings of facts.

DETRIMENTAL RELIANCE
To recover under the theory of detrimental reliance, the plaintiff must prove by a preponderance of the evidence that: (1) a representation was made; (2) there was justifiable reliance on that representation; and (3) there was a change in position to one's detriment because of that reliance. La.Civ. Code art. 1967; South Central Bell Telephone v. Rouse Company of Louisiana, 590 So.2d 801 (La.App. 4th Cir.1991). In the present case, the trial judge found that Law failed to prove the first element. In his oral reasons for judgment, the trial judge made a *151 specific finding of fact that Officer Moody never told Law that he had the authority to bind the District Attorney's Office.
It is well settled that an appellate court may not set aside a trial court's or jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840 (La.1989). A two-part test for the reversal of a fact finder's determination is utilized:
1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Stobart v. State of Louisiana, through DOTD, 617 So.2d 880 (La.1993). Where two permissible views of the evidence exist, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844.
At trial both Officer Moody and Law testified. The parties stipulated to the content of Lanclos' testimony due to his failure to appear, although he had been subpoenaed. Officer Moody denied telling Law and Lanclos that he could bind the district attorney's office to an agreement not to prosecute. The officer explained that he agreed to contact the victim regarding restitution in return for his affidavit that he no longer wished the burglary charge to be prosecuted. The officer also agreed to present evidence of restitution to District Attorney along with the victim's affidavit requesting the case not be prosecuted. The officer's testimony was corroborated by his subsequent report of the meeting with Lanclos and Law. He wrote the report immediately after the meeting, and before any indication of litigation of this matter existed. The pertinent part of the report stated:
Lonnie Lanclos and Thomas Law, Jr. contacted Lt. Kent Moody and wanted to know if Mr. Donald Joubert would be willing not to prosecute them if restitution would be paid to him by Lanclos and Law. Lt. Moody advised them that there was no guarantee that charges could be dropped since the State of Louisiana filed the charges. Lt. Moody advised them that he could speak to Mr. Joubert.
Mr. Joubert was contaced (sic) by Lt. Moody and advised Mr. Joubert of Mr. Lanclos and Mr. Law's wish for charges to be dropped if restitution was made. Mr. Joubert stated that he did not want to speak to the individuals, but would be willing to accept restitution in the amount of $4,000.00. Later that day, Thomas Law contacted Lt. Moody where Lt. Moody advised Law of Mr. Joubert's message.
In addition, Law testified that he knew the officer could not make a deal and that the prosecuting attorney was the one who makes agreements. However, he claimed that Officer Moody assured him that the prosecuting attorney was going to agree. Law also admitted that he was familiar with the criminal justice system and had been previously convicted three times. There was also evidence that Law had benefitted from a prior "deal" in having charges dropped for stealing earrings.
We find that the trial court correctly concluded that the agreement described by Law was not made. Therefore, Law failed to meet the first requirement of proof for detrimental reliance. Additionally, Law presented no evidence of how he changed his position to his detriment. The only evidence of the value of the items taken and the damage done in the burglary was Law's own self-serving testimony in which he estimated the damage to be $1,098.00. Yet Law claimed he paid three times that amount in restitution. Officer Moody knew that the amount paid in restitution was more than the amount of actual property loss, but did not know by how much. Law cannot be said to have acted to his detriment in paying a debt he owed. In paying restitution Law was merely acknowledging a natural obligation which he owed. Thus, he failed to prove his damages by a preponderance of the evidence.
Law also claimed that the trial court erred in its "factual finding" that Officer Moody could not bind the district attorney. The decision to prosecute belongs to the discretion of the prosecutor alone. The district *152 attorney has complete control of every criminal prosecution instituted or pending in his district, and determines whom, when and how he shall prosecute. La.Code Crim.P. art. 61. Therefore, the officer had no actual authority to bind the district attorney. In State v. Cinel, 619 So.2d 770 (La.App. 4th Cir.), writ denied, 629 So.2d 369 (La.1993) cert. denied, ___ U.S. ___, 114 S.Ct.1389), 128 L.Ed.2d 71 (1994), the court refused to extend the doctrine of apparent authority to an investigator in the district attorney's office. Therefore, we certainly are not prepared to extend "apparent authority" further to a police officer not even associated with the district attorney's office.

LANCLOS' TESTIMONY
Law alleges that the trial court was manifestly erroneous in its factual finding that Lanclos' stipulated testimony did not corroborate his testimony. Specifically, Law claims that part of the trial court's reasons for judgment dismisses Lanclos' corroboration of Law's testimony. The trial judge stated as follows:
... The evidence that has been presented to this Court, the Court finds as a matter of fact, because I do not believe the plaintiff in his testimony. Consequently, Lanclos' testimony is irrelevant because it wouldn't have corroborated it. I make a specific finding of fact that there was never any agreement in this case communicated to this plaintiff that this officer had the power and authority and would bind the District Attorney's Office.
Apparently, the judge did not find Law to be credible and did not believe his claims of Officer Moody's promises. The judge's comment regarding Lanclos appears to mean that it would not have changed his determination that Officer Moody made no promises to Law claiming he could bind the district attorney. At worst, the statement, even if taken at face value, is harmless error.

CONTINUANCE
Law complains that the trial judge erred in failing to grant his motion for a continuance based the failure of material witnesses to appear to testify at trial. Law explained that his witnesses would testify to deals they made involving Officer Moody. The trial court properly found the testimony irrelevant. Thus, the witnesses were not material ones and the granting of a continuance was at the trial court's discretion. La. Code Civ.P. art. 1601. We find the trial court did not abuse its discretion.

APPELLATE COURT ORDER
Law alleges that the trial judge abused its discretion by departing from the orders of this court. This court remanded this case for a trial on the merits to determine whether Law had in fact detrimentally relied on alleged representations of Officer Moody. The trial court did so, and found against Law as follows:

I make a specific finding of fact that there was never any agreement in this case communicated to this plaintiff that this officer had the power and authority and would bind the District Attorney's Office. In fact, that officer can't make that type of promise and everybody is presumed to know the law and plaintiff himself admitted that he knew that the District Attorney was the only man with the power to be able to dismiss charges.... [I]t's the finding of this Court that the plaintiff has failed to make out a case of detrimental reliance by a preponderance of the evidence to support his claim for damages. With respect to the other claims about binding the District Attorney, I go right back to my original ruling and I find that the exception of no cause of action with respect to the claim is still good. (emphasis added).
The trial court's ruling specifically addressed Law's detrimental reliance claim. Although during the trial there was some question as to whether any other issues besides detrimental reliance existed, none were discussed. Thus, the trial court's ruling is not inconsistent with this court's instructions.

EVIDENTIARY QUESTIONS
Law raises several questions regarding the trial judge's rulings on evidentiary matters. The first alleged error occurred while defense counsel was questioning Officer *153 Moody regarding a report he wrote on his first meeting with Law and Lanclos regarding restitution to Joubert. The defense counsel asked the officer:
Q. This is something you wrote as a memorialization of what occurred on that date?
A. Yes, sir.
Q. And this was before there was any problems or lawsuits involving Mr. Law either as to yourself, the Chief of Police, the City of Eunice, or regarding Mr. Law's lawsuits against David Miller or the District Attorney's Office?
At this point Law objected. In arguing the objection defense counsel explained that his purpose was to show that Officer Moody's report was a prior consistent statement made at a time when the officer knew of no pending or future litigation. The officer never answered the question, but the dated report was allowed into evidence. The trial judge never ruled on Law's objection and Law never complained of the failure to rule on his objection. Since the question was never answered, Law cannot complain that he was harmed by it.
The second evidentiary error alleged by Law is the trial judge's exclusion of evidence regarding whether Officer Moody took part in any agreements with Michael Daigle in Daigle's charges being dismissed or reduced. The trial judge found the question to be irrelevant. In light of the fact that Law had already testified that he knew the district attorney was the only one who could make deals, this testimony would not tend to prove or disprove the existence of any material fact and was not relevant. Therefore, the trial court did not err in its ruling.
Law also alleges that the trial court erred in excluding evidence regarding the relationship between Lanclos' mother and Joubert, the burglary victim. Law argues that this evidence would indicate his lack of need to go through Officer Moody to communicate with Joubert about accepting restitution. Law argues this information could have been used to discredit Officer Moody who testified that Joubert indicated he would not talk to Law and Lanclos directly regarding restitution. The defense's objection was that it was irrelevant. Law did not argue that he was offering the evidence to challenge the officer's credibility and the judge is not required to supply the argument for Law, even though he appeared in proper person. Therefore, we find no error in this ruling.
Law further complains that the trial court erred in finding that the loan note was hearsay. The note was an attempt to establish Law's damages. Since the trial court properly found no detrimental reliance, the question of damages is moot.
Finally, Law argues that the judge incorrectly considered parts of a letter of compromise that he earlier ruled would not be considered pursuant to La.Code Evid. art. 408A. In support of his argument he quotes the trial court's oral reasons, which stated "The reading of the evidence also convinces me that what else he sought in this case had to do with the reduction of a sentence...." From this quote the trial judge was not specific about the documents to which was referring. Several documents entered into evidence for the purpose of corroborating Law's testimony, including the report written by Officer Moody, refer to Law wanting the charges dropped. Therefore, we cannot say that the trial judge improperly considered parts of the letter of compromise.

DECREE
The judgment of the trial court is affirmed. Costs assessed to plaintiff-appellant, Thomas Law, Jr.
AFFIRMED.