hDECUIR, Judge.
This is an appeal by Manufacturers Hanover Wheelease, Inc. and Continental Insurance Company from the judgment of the trial court maintaining the exception of no cause of action filed by defendant-appellee, Skipper Drost. Appellants contend that the trial court erred in holding there was no cause of action for unjust enrichment/return of a thing unduly received against Drost who was a payee on a check tendered as payment on a judgment later overturned by devolutive appeal. We reverse.
Manufacturers took a devolutive appeal from a default judgment in favor of Andrew and Susie Phipps. Meanwhile, the Phipps through their attorney made demand for payment. In response to this demand, and allegedly under threat of execution of judgment, Manufacturers through its insurer Continental paid the Phipps and their attorney the sum of $147,709.97. Appellants issued a cheek naming Drost and his clients, Susie and Andrew Phipps, as co-payees in satisfaction of a default judgment against Manufacturers. This court then reversed the default judgment and | ¿remanded for further proceedings. Phipps v. Chesson, 570 So.2d 470 (La.App. 3 Cir.1990). On remand, summary judgment was granted dismissing all claims of Susie and Andrew Phipps against Manufacturers Hanover. That judgment was affirmed by this court in an unpublished per curiam opinion. Phipps v. Chesson, 92-718 (La.App. 3 Cir. 3/17/93), 615 So.2d 60.
The present appeal arises out of appellants’ attempt to recover the funds paid under the judgment nullified by this court. Originally, appellants’ petition for return of funds wrongfully paid named as defendants Andrew and Susie Phipps. The petition contained an allegation that Phipps and their attorney were all payees on the check issued in satisfaction of the default judgment. Appellants amended their petition to include Skipper Drost as a defendant alleging that Drost had an interest in the lawsuit pursuant *937 to a contract in which the Phipps assigned an interest in their lawsuit to him.
Drost filed an exception of no cause of action contending that he was acting as attorney for the Phipps in their lawsuit against Manufacturers and was not a party plaintiff, and no contract existed wherein the Phipps assigned an interest in the lawsuit. The trial judge maintained the exception dismissing Drost as a party defendant.
THE LAW
On appeal, an exception of no cause of action should be sustained only if it is clearly shown that, based on the well-pleaded allegations of fact contained in the petition, the law affords no one a remedy for the grievances alleged, under the circumstances alleged, under any theory of the case. Williams v. Hattan, 594 So.2d 977 (La.App. 3 Cir.), writ denied, 600 So.2d 606 (La.1992). A sum paid in response to a judgment by a party cast at the trial level while a devolutive appeal is pending | -¡is owed to the party who on appeal secures a reduction or reversal of the judgment. State, Department of Highways v. Busch, 254 La. 541, 225 So.2d 208 (1969). In considering an exception of no cause of action, the court must confine itself to the four corners of the petition and documents made a part thereof. Factual determinations are more appropriately determined after a trial on the merits. Law v. City of Eunice, 626 So.2d 575 (La.App. 3 Cir.1993).
Based upon the law and jurisprudence cited above, we hold that appellants have stated a cause of action against Mr. Drost. Moreover, this issue has been appropriately resolved by our learned brethren in New Orleans Public Service v. Vanzant, 580 So.2d 533 (La.App. 4 Cir.), writs denied, 584 So.2d 1168 (La.1991), wherein the court held that a judgment debtor who overpaid a judgment had a cause of action for unjust enrichment not only against the client, but against the client’s attorneys. The court in Vanzant stated:
A cause of action is stated in unjust enrichment when there is an enhancement of one estate at the expense of another estate, without cause recognized by law, and for which no other remedy is readily apparent and available. Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). Although quasi contract are particular forms of unjust enrichment, they are not exclusive. Thus, the claim of unjust enrichment can be made even against strangers to a contract and even against third parties such as attorneys in a lawsuit.
The appellees contend that as attorneys they are disclosed agents of a principal who is their client, and the funds transmitted by NOPSI, although mailed to and transmitted by draft jointly payable to ap-pellees and their client, are the property of their client alone, Mr. Vanzant. As a consequence, they argue, they are third parties who did not “receive” the alleged overpayment within the meaning of La.C.C. Art. 2301, supra.
Two appellate courts have concluded that an attorney is a third party that is not liable under C.C. Art. 2301 for restitution of a thing received by a client but not due. Great American Indemnity Company v. Dauzat, 157 So.2d 308 (La.App. 3rd Cir.1963); Louisiana Health Service & Indem. Co. v. Cole, 418 So.2d 1357 (La.App. 2d Cir.1982). In each ease the court reasoned that the attorney was a third party and held that a |4party seeking restitution under C.C. art. 2302 cannot pursue third party transferees for restitution. The cases are somewhat different from this case. In those cases the obligor was released from an obligation that once existed, while in this case the obligation did not exist; overpayment was by error, and there was never any cause, legal or natural. Nevertheless, each factual situation is within La.C.C. Art. 2304, supra, and the difference is immaterial. We, nonetheless, decline to follow those cases, for the following reasons. First, neither Dauzat nor Cole considered whether there was a claim for unjust enrichment when the patrimony of third party transferees has been enriched without cause and secondly, when NOPSI named Messrs. Glorioso and Welcker and their client as joint payees and transmitted the check to Messrs. Glo-rioso and Welcker, NOPSI paid a thing not due directly to both an attorney and his *938 client, and the attorney is not a mere third party. As a matter of fact, an attorney may, and usually does, have a contract with his client whereby the attorney may acquire as his fee an interest in the subject matter of the suit.
R.S. 37:218 Contract for fee based on proportion of subject matter; stipulation concerning compromise, discontinuance, or settlement.
A. By written contract signed by his client, an attorney at law may acquire as his fee an interest in the subject matter of a suit, proposed suit, or claim in the assertion, prosecution, or defense of which he is employed, whether the claim or suit be for money or for property. In such contract, it may be stipulated that neither the attorney nor the client may, without the written consent of the other, settle, compromise, release, discontinue, or otherwise dispose of the suit or claim. Either party to the contract may, at any time, file and record it with the clerk of court in the parish in which the suit is pending or is to be brought or with the clerk of court in the parish of the client’s domicile. After such filing, any settlement, compromise, discontinuance, or other disposition made of the suit or claim by either the attorney or the client, without the written consent of the other, is null and void and the suit or claim shall be proceeded with as if no such settlement, compromise, discontinuance, or other disposition had been made.
⅜ ⅜: ⅜ ⅜ ⅝ ⅜
When the contract is recorded, as a practical matter, the attorney and his client must be named payees. Furthermore, on January 14, 1985, after the decisions in Dauzat and Cole, supra, our Supreme Court adopted Disciplinary Rule 9-102.
DR 9-102 Preserving Identity of Funds and Property of a Client
_JjA. All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank or insured depository institution accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
******
2. Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
Therefore, when a check or draft names attorneys as co-payees, the attorneys at the very least must endorse and deposit the check or draft in a trust account, from which they are free to withdraw their fee when due. This is sufficient to show that the attorneys, and especially those who have been assigned an interest in the lawsuit, are recipients of the payment of a thing not due; the attorney is not merely a third party, and a cause of action lies for restitution either under C.C. Art. 2302 or for unjust enrichment. Moreover, if there was an attorney client contract whereby the attorneys acquired an interest in the suit, La.R.S. 37:218 applies and not only has NOPSI stated a cause of action against these defendants, they may even be necessary parties to the lawsuit. La.C.C.P. Art. 642.

Id., pp. 585-536.

The court in Vanzant correctly distinguished the cases cited by appellee in support of his position. Additionally, appellee contends that Vanzant is inapplicable because it involves a written contract. The issue of whether a written cqntraet exists is a question of fact to be decided at the trial level. Law, Id. Furthermore, an action for unjust enrichment or for recovery of a thing not due is not precluded for lack of a written contract under La.Civ.Code arts. 2293, 2294, 2301, 2302, or 2304. See also Shatoska v. International Grain Transfer, 634 So.2d 897 (La.App. 1 Cir.1993).
| ¡¡Thus, the judgment of the trial court is hereby reversed and the case remanded to *939 district court for trial on the merits. Costs of appeal are assessed to defendant-appellee.
REVERSED AND REMANDED.
THIBODEAUX, J., dissents and assigns reasons.