| THIBODEAUX, J.,
dissenting.
The majority transgresses twice — once in its determination that unjust enrichment of Mr. Drost is the raison d’etre for the cause of action stated by Manufacturers Hanover and Continental and, secondly, in its reliance on New Orleans Public Service v. Vanzant, 580 So.2d 533 (La.App. 4 Cir.), writ denied, 584 So.2d 1168 (La.1991). By so doing, this panel eschews the ratio decidendi and holding in Great American Indemnity Co. v. Dauzat, 157 So.2d 308 (La.App. 3 Cir.1963).
This court in Dauzat concluded that an attorney, whom the plaintiffs named as a payee on a draft, is a third party not liable pursuant to La.Civ.Code art. 2301 (now La. Civ.Code art. 2292) for restitution of a thing received by a client, but^not due. The court reasoned that the attorney was a third party and held that a party seeking restitution cannot pursue third party transferees for restitution. In Dauzat, the plaintiff recovered a judgment against the insurance company for the wrongful death of her father. She then took a devolutive appeal therefrom. Upon demand made by plaintiffs attorney, the insurance company paid the amount of the judgment by draft. Great American Indemnity Company answered the plaintiffs appeal asking for a reduction in the amount awarded. The appellate court reduced the amount of the judgment. Thereafter, Great American Indemnity Company brought suit to recover the excess amount paid to plaintiff. In the same suit, Great American Indemnity Company sought to recover one-third of the excess amount paid from plaintiffs attorney who, along with the plaintiff, was a payee on the draft. The court in Dauzat reasoned that La.Civ.Code art. 2301 (now La.Civ.Code art. 2299) applied to immediate payees as opposed to subsequent payees.
The majority relies on the Vanzant case from the fourth circuit as standing for the proposition that an attorney, named as a payee on a draft, is not an innocent third party but a recipient of the payment along with his or her client. However, reliance on Vanzant is misplaced. In Vanzant, the judgment debtor brought an action against the judgment creditor and his attorney to recover an overpayment of judicial interest. NOPSI overpaid the interest on the judgment by more than $100,000.00. Thus, due to the miscalculation of the interest amount, NOPSI paid an amount that was not due to the judgment creditors. Unlike the Vanzant case and similar to the Dauzat case, this ease presents the situation where the obligors (Manufacturers Hanover and Continental) were released from an obligation that once existed. In the Vanzant case the obligation never existed. The overpayment of | ^interest in Vanzant was by error, and there was never any cause, legal or natural, which is one of the elements needed for unjust enrichment.
The Vanzant and Dauzat cases mean that when a maker of a negotiable instrument names a co-payee merely as a conduit for payment to the other co-payee on a draft pursuant to a debt that was due at the time of payment, the co-payee will not be held liable with his fellow co-payee for reimbursement if the payment is thereafter deemed to be not due. However, if the debt was not due at the time of payment, a co-payee will be held hable with his co-payee for reimbursement of the funds paid. In Vanzant, the court noted that the overpayment of interest was by error, and that there was never any cause, legal or natural. The fourth circuit declined to follow Dauzat because the Dauzat court failed to consider a claim for unjust enrichment when one party enriched the patrimony of a third party transferee without cause and because the client and attorney were named as co-payees of a check for an amount that was not due. Vanzant, 580 So.2d 533.
Vanzant does not apply for several reasons. Manufacturers Hanover and Continental have not enriched the patrimony of the Phipps’ attorney without cause. The Phipps and Drost were named co-payees on a draft pursuant to a trial court judgment that was *940 valid at the time of payment. Furthermore, Manufacturers Hanover and Continental did not transmit a draft to the Phipps and Drost for payment of a thing not due. The obligation to pay was due at the time of judgment pending the devolutive appeal. The taking of a devolutive appeal does not suspend the execution of a trial court judgment. La.Code Civ.P.' art. 2087(A). Moreover, Manufacturers Hanover did not allege in their petition the fourth condition necessary for a claim of unjust enrichment, that is, the absence of justification or legal cause for |4the enrichment and impoverishment[1]. Therefore, where a party receives payment of funds pursuant to a valid judgment, and disposes of a portion of the funds in good faith to pay his or her attorney, the payor may not follow the payment into the hands of the receiver’s attorney. It is as simple as that. The majority errs in its failure or refusal to recognize this principle.
For the foregoing reasons, I respectfully dissent.

. There are five conditions which must be alleged in order to state a cause of action in unjust enrichment: (1) an enrichment to the defendant; (2) an impoverishment sustained by the plaintiff; (3) a connection between the enrichment and resulting impoverishment; (4) an absence of justification or legal cause for the enrichment and the impoverishment; and, (5) the lack of any other remedy at law. Edwards v. Conforto, 636 So.2d 901 (La.1993).