LGREMILLION, Judge.
This is an appeal from the trial court’s judgment sustaining the defendant’s exception of no cause of action. For the following reasons, we reverse and remand for further proceedings.
DISCUSSION
At issue in this appeal are the visitation rights of the plaintiff, Charlie Joe Roshto. In 1995, Roshto filed a rule for joint custody of his daughter with the child’s mother, Dara Brown. The resulting judgment found Roshto to be the natural and biological father and awarded him joint custody with Brown named the primary custodial parent subject to specified supervised visitation which required his visitation to be exercised with Roshto’s mother, Charlotte Dianne Gauthier. This judgment was to be reviewed in ninety days. Upon review, the trial court issued a final custodial decree, granting Brown sole custody, and awarding Roshto visitation to be exercised in Texas. The trial court structured his-visitation rights as follows:
1 yCHARLIE JOE ROSHTO shall be afforded visitation with the minor child in Texas with said visitation being a twenty-four hour interval subject to advanced arrangements and notice being provided unto DARA BROWN by CHARLIE JOE ROSHTO;
CHARLIE JOE ROSHTO shall be afforded holiday visitation with the minor child with those holidays being designated as Thanksgiving, Christmas and Easter. For Thanksgiving and Easter, [he] shall have a twenty-four hour time period of visitation predicated upon him providing unto DARA BROWN advanced notice of his intention to exercise same and advising her of his whereabouts. Should he fail to provide notice, no visitation shall be forthcoming. DARA BROWN shall be responsible for the transportation obligation in exchanging the child with CHARLIE JOE ROSHTO;
For the Christmas holiday, CHARLIE JOE ROSHTO shall be entitled to a forty-eight hour time period of visitation predicated upon him providing unto DARA BROWN advanced notice of his intention to exercise same and advising her of his whereabouts. DARA BROWN shall be responsible for the transportation obligation in exchanging the child with CHARLIE JOE ROSH-TO;
For the summer of 1997 and for future summers, CHARLIE JOE ROSHTO shall have two forty-eight hour time periods of visitation. This is predicated and conditioned upon his providing unto DARA BROWN reasonable notice of his intention to exercise same and advising her of his whereabouts. For the summer vacation, DARA BROWN shall make the child available to CHARLIE JOE ROSHTO in the area of her parent’s residence wherein the exchanges shall take place. Should CHARLIE JOE ROSHTO fail to advise DARA BROWN of his intention to exercise his summer visitation, the summer visitation shall be forfeited.
On June 15, 1998, Roshto, who was then and is now incarcerated, and Gauthier filed a rule to show cause seeking to enforce his visitation rights and, in the alternative, visitation rights for Gauthier. Brown filed a peremptory exception of no cause of *76 action pursuant to La.Code Civ.P. art. 927. The trial court sustained the exception and dismissed the petition.
NO CAUSE OF ACTION
In Law v. City of Eunice, 626 So.2d 575, 577 (La.App. 3 Cir.1993), | ^appeal after remand, 94-1312 (La.App. 3 Cir. 4/5/95); 653 So.2d 149, (citations omitted), this court commented on the exception of no cause of action:
In considering an exception of no cause of action, the court must confine itself to the four corners of the petition and documents attached thereto and made part thereof. The exception may be sustained only when it is clearly shown that the law affords no remedy to anyone for the particular grievance alleged.
Furthermore, we must review the petition and accept well-pleaded allegations of fact as true, and then determine whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. Walls v. State, 95-1073, 95-1133 (La.App. 3 Cir. 1/31/96); 670 So.2d 382; writ denied, 96-0570 (La.12/13/96); 692 So.2d 368; Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993). Roshto’s petition reads as follows:
RULE TO SHOW CAUSE FOR VISITATION OR IN THE ALTERNATIVE MOTION FOR VISITATION RIGHTS OF GRANDPARENT
NOW INTO COURT come Charlie Joe Roshto and Charlotte Gauthier through their undersigned counsel of record who respectfully represent to this honorable court the following:
1.
The father of the minor child, Karley Danielle Roshto, shows that he has been incarcerated since May of 1996 and has been unable to exercise visitation in accordance with this court’s order.
2.
Charlotte Gauthier, the paternal grandmother of the minor child, Karley Danielle Roshto, has also been denied access to her granddaughter.
3.
R.S. 9:344 provides for visitation rights of grandparents when one of the parties of the marriage dies or is interdicted.
| ¿WHEREFORE Charlie Joe Roshto and Charlotte Gauthier pray that:
1. Defendant, Dara Brown be served with a copy of this petition and duly cited to appear and answer same;
2. After due proceedings have been had there be a judgment herein in favor of petitioner, Charlie Joe Rosh-to, and against the defendant, Dara Brown, ordering defendant to produce Karley Danielle Roshto in accordance with the visitation schedule propounded by the court for Charlotte Gauthier to facilitate visitation rights or in the alternative granting visitation rights to the paternal grand mother Charlotte Gauthier;
3 Defendant show cause on a date and time to be set by this Honorable court why visitation should not be enforced in favor of petitioners.;
4. Defendant be cast with all costs of these proceedings, and;
5. For all just, general and equitable relief as the nature of this
case permits.
In Kuebler v. Martin, 578 So.2d 113, 114 (La.1991) (citations omitted), the Louisiana Supreme Court commented on the deference a court should give to petitions:
Pleadings must be construed reasonably so as to afford litigants their day in court, to arrive at the truth, and to do substantial justice. When it can reasonably do so, the court should maintain a petition against a peremptory exception so as to afford the litigant an opportunity to present his evidence.
*77 Considering only the allegations made within the four corners of this petition, we find that the trial court erred in sustaining the exception of no cause of action. While this petition is bare and borders on being vague, it does show that Roshto and Gau-thier assert grievances to which the law affords remedies.
From a reasonable reading of this petition, one can infer that Roshto is seeking to have his visitation rights exercised from jail. Clearly, as a parent not |sgranted' custody or joint custody of his child, he is entitled to reasonable visitation unless the trial court finds that it is not in the best interest of the child. LSA-C.C. art. 136(A).
Similarly, Gauthier is seeking to have visitation rights granted to her. In their petition, Gauthier sought visitation under LSA-R.S. 9:344. Under LSA-R.S. 9:344, a grandparent may obtain visitation rights when one of the parents is either dead or interdicted. Clearly, that is not the case present here. However, “[ujnder extraordinary circumstances, a relative, by blood or affinity ... not granted custody of the child may be granted reasonable visitation rights if the court finds that it is in the best interest of the child.” LSA-C.C. art. 136(B). Under this article, Gauthier is afforded a legal remedy to her grievance. Upon showing that extraordinary circumstances exist, the trial court may well award her visitation if it finds that it is in the best interest of the child.
CONCLUSION
For the reasons stated above, the judgment of the trial court sustaining Dara Brown’s exception of no cause of action is reversed and this matter is remanded to the trial court for further proceedings. All costs of this appeal are assessed to Dara Brown.
REVERSED AND REMANDED.